**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**CHARLES D. AUSTIN**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

July 9, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:    *Melissa B. v. Frank Bisignano, Commissioner, Social Security Administration*
       Civil No. 25-02355-CDA

Dear Counsel:

On July 21, 2025, Plaintiff Melissa B. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits.  ECF 1.  This case was then referred to me with the parties' consent.  *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2025).  I have considered the record in this case and the parties' briefs.  ECFs 8, 13, 16, and 17.  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2025).  The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration.  This letter explains why.

## I.    PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on January 26, 2022, alleging a disability onset of October 11, 2021.  Tr. 202-208.  Plaintiff's claims were denied initially and on reconsideration.  Tr. 14-32; Tr. 112-115.  On May 15, 2024, an Administrative Law Judge ("ALJ") held a hearing.  Tr. 14-38.  Following the hearing, on August 30, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame.  Tr. 14-38.  The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.    THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

---

[1] 42 U.S.C. §§ 301 et seq.

*Melissa B. v. Bisignano*
Civil No. 25-02355-CDA
July 9, 2026
Page 2

The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since October 11, 2021." Tr. 19. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "disorders of the skeletal spine; osteoarthritis; and plantar fasciitis." Tr. 19. The ALJ also determined that Plaintiff suffered from the non-severe impairments of hypertension and hypothyroidism. Tr. 20. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 22. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b), except that the claimant is occasionally able to climb ramps or stairs; is never able to climb ladders, ropes, or scaffolds; is occasionally able to balance, stoop, kneel, crouch, or crawl; must avoid concentrated exposure to vibration; and must avoid work at unprotected heights or around dangerous moving machinery such as forklifts that physically move from place to place, as opposed to something that is stationary but has moving parts.

Tr. 23. The ALJ determined that Plaintiff was able to perform past relevant work as a Salesperson, Parts (DOT[2] # 279.357-062) and Personal Shopper (DOT# 296.357-010). Tr. 31. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 32.

### III.   LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is

---

[2] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Melissa B. v. Bisignano*
Civil No. 25-02355-CDA
July 9, 2026
Page 3

"more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.    ANALYSIS

Plaintiff raises two arguments on appeal: that the ALJ (1) failed to build the logical bridge to the conclusion after mischaracterizing objective medical evidence, and (2) made harmful errors because a greater RFC limitation would direct a finding of disability for the Plaintiff. ECF 13, at 7, 16. Plaintiff insists that the ALJ erred by cherry-picking findings to support his conclusion and failing to reconcile inconsistencies in the evidence. ECF 13, at 14. Defendant counters that the ALJ's evaluation of Plaintiff's impairments and resulting RFC were consistent with the record. ECF 16, at 12. Defendant contends that the ALJ's decision does not warrant remand because the court can reasonably discern the ALJ's rationale. ECF 16, at 13-14.

Upon reviewing the record, the Court determines that the ALJ erred when assessing Plaintiff's RFC because he did not build the logical bridge necessary for the RFC assessment. A claimant's RFC is "the most [they] can still do despite physical and mental limitations that affect [their] ability to work." *Mascio v. Colvin*, 780 F.3d 632, 635 (4th Cir. 2015) (quotations omitted). According to Social Security Ruling ("SSR") 96-8p, this assessment must determine "[a claimant's] ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1. The ruling defines "regular and continuing basis" as "8 hours a day, for 5 days a week, or an equivalent schedule" and requires identifying a claimant's functional limitations before assessing their "work-related abilities on a function-by-function basis." *Id.*

The RFC assessment must evaluate the claimant's ability to perform physical and mental functions that may affect their ability to do work, including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching)."[3] SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996); *see also* 20 C.F.R. § 416.945(b)-(c). "Only after [this assessment] may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. Furthermore, an ALJ must include a narrative discussion identifying the evidence that supports their RFC conclusions and build an accurate and logical bridge from that evidence to their conclusions. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021); *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

The Court agrees that the ALJ committed reversible error by failing to explain how the evidence in the record supports the RFC's conclusion regarding Plaintiff's ability to lift, carry,

---

[3] The function-by-function analysis must include the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. *See* SSR 96-8p.

*Melissa B. v. Bisignano*
Civil No. 25-02355-CDA
July 9, 2026
Page 4

walk, stand, push, or pull at a light exertional level.  Plaintiff argues that the ALJ cited to but subsequently dismissed the functional significance of objective findings in Plaintiff's record, highlighting that he "emphasiz[ed] isolated notations of 'normal' findings" from the exams without explaining how those findings "negate [Plaintiff's] documented limitations."  ECF 13, at 14.  In response, Defendant cites evidence in the record and the ALJ decision that contradicts Plaintiff's alleged symptoms and functional limitations without explaining why that evidence supports the RFC limitation.  ECF 16, at 9-12.  The ALJ does the same when determining Plaintiff's RFC as light work with additional limitations.  Tr. 23-30.

According to 20 C.F.R. § 404.1567(b), a job is defined as light work "when it requires a good deal of walking or standing[]" and "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds[.]" 20 C.F.R. § 404.1567(b).  SSR 83-10 further outlines that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday[]" because "frequent lifting or carrying requires being on one's feet up to two-thirds of a workday[.]"  SSR 83-10, 1983 WL 31251, at *6 (S.S.A. Jan. 1, 1983).  When the ALJ assesses a claimant's RFC and determines an exertional category, they are required to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."  SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

In their decision, the ALJ discusses how Plaintiff's examinations observed her to have reduced lumbar range of motion, lumbar tenderness and spasms, positive straight leg test results, abnormal gait, reduced thoracic range of motion, thoracic spine tenderness, thoracic spine spasms, reduced hip strength, and hip tenderness.  Tr. 25.  The ALJ then discusses how Plaintiff has been observed to have normal gait, no tenderness (at times), normal range of motion (on occasion), normal coordination and sensation, normal hip examinations, and a normal 5/5 strength in lower extremities.  *Id.*  As discussed above, light work requires being up on one's feet for most of the workday and the required physical functions of the exertional category.  SSR 83-10, 1983 WL 31251, at *6 (S.S.A. Jan. 1, 1983).  Therefore, the contradictions from Plaintiff's exams are material discrepancies, yet the ALJ never resolves these inconsistencies.  Tr. 25; *see Burch v. Apfel*, 9 F. App'x 255, 260 (4th Cir. 2001) (observing material discrepancies in the record where an ALJ identified numerous inconsistencies).  Though the ALJ identifies how Plaintiff's medications have provided some form of relief, Tr. 25-26, Plaintiff counters that temporary relief is not indicative of how someone would sustainably work in full time light work, ECF 17, at 5. The Court agrees.  Indeed, in their decision, the ALJ fails to explain how relief from Plaintiff's medications, which have "at least somewhat controlled" and "provided good but temporary relief" for her pain, allow her to sustain the requirements for light work given, among other things, the limited nature of such relief.  Tr. 25-26.

The same critique applies to the ALJ's discussion of Plaintiff's arthritis of her right knee and bilateral plantar fasciitis.  *Id.*  The ALJ highlights Plaintiff's physical limitations and symptoms before citing seemingly contradictory evidence for both of these impairments without resolving the material inconsistencies.  *Id.*  As discussed above, the ALJ points to medical records indicating how treatments have improved Plaintiff's pain "at times" but fails to explain how this

*Melissa B. v. Bisignano*
Civil No. 25-02355-CDA
July 9, 2026
Page 5

meets the requirements to sustain Plaintiff's RFC limitation. *Id.*; *see also Hultz v. Bisignano*, 162 F.4th 111, 122 (4th Cir. 2025) ("A claimant's inability to sustain full-time work due to pain and other symptoms is often consistent with her ability to carry out daily activities." (quotations and citation omitted)).

Defendant posits that the explanation is sufficient if a reviewing court can discern what the ALJ did and why they did it without guessing the basis for the ALJ's conclusion. ECF 16, at 13. But here, the Court is left to guess. A proper RFC analysis requires the evidence and conclusion to be connected by a logical explanation. *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019). The ALJ's decision cites contradictory examination results and limits Plaintiff to the "light work" exertional category. Tr. 23-26. However, the Court does not find a logical explanation that reconciles the apparent contradictions. The explanation appears to rely on Plaintiff's ability to do daily chores and isolated descriptions of improvements to show her ability to sustain the requirements of full-time light work. Tr. 25-26; *Hultz*, 162 F.4th at 122; *Woods*, 888 F.3d at 694 (4th Cir. 2018) ("An ALJ may not consider the type of activities a claimant can perform without also considering the extent to which she can perform them.").

Plaintiff argues that the ALJ attempted to cherry-pick normal findings from the record to mischaracterize the evidence and draw his conclusions. ECF 13, at 14. "An ALJ has the obligation to consider all relevant medical evidence and cannot simply [cherry-pick] facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017). Relevant evidence includes "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." SSR 16-3p, 2016 WL 1119029, at *4 (Mar. 16, 2016). To avoid cherry-picking facts, the ALJ must include "a discussion of which evidence [they] found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (internal quotation marks and citation omitted).

In their decision, the ALJ discusses Plaintiff's objective medical evidence (including magnetic resonance imaging (MRI) exam results; computed tomography (CT) scan results, x-ray results, electrodiagnostic study results, physical examination results), statements about symptoms, treatments for pain (such as cortisone injections), and other information provided by her medical sources regarding her abnormal functions relevant to her RFC determination. Tr. 23-26. In the same vein, the ALJ identifies the evidence of normal findings and relies on these for the RFC assessment. *Id.* But, as noted above, contradictory evidence exists in the record, and the decision fails to reconcile such contradictions in a manner that results in the logical bridge from evidence to conclusion that the Fourth Circuit's opinions demand. *See also Lewis*, 858 F.3d at 869 (finding ALJ cherry-picked facts where relying on normal findings yet medical records reflected abnormal findings and plaintiff's receipt of a steroid injection for pain).

The potential harm for this error is palpable due to the material conflicting evidence surrounding Plaintiff's range of motion, gait, tenderness, spasms, hip strength, ability to walk or squat without difficulty, and back pain. *See* Tr. 25-26. All of these functions are relevant, if not

*Melissa B. v. Bisignano*
Civil No. 25-02355-CDA
July 9, 2026
Page 6

necessary, to sustain the RFC limitation to light work.  Absent explanation or reconciliation of these inconsistencies, the ALJ's evaluation of this evidence "was internally inconsistent," and the Court's ability to trace the ALJ's reasoning is impeded.  *Rodney G. v. Kijakazi*, No. 22-3007-BAH, 2023 WL 6465436, at *4 (D. Md. Oct. 3, 2023) (citing *Mallett v. Berryhill*, No. 18-241-D, 2019 WL 2932776, at *4 (E.D.N.C. June 17, 2019)).  The decision's inconsistencies and omissions "frustrate meaningful review," making remand appropriate.  *Mascio*, 780 F.3d at 636.

Though the Fourth Circuit has declined to adopt a per se rule requiring remand when an ALJ fails to perform an explicit function-by-function analysis, *see Mascio*, 780 F.3d at 636, when a function is "critically relevant to determining [a claimant's] disability status," remand for failure to perform such an analysis is appropriate.  *Dowling*, 986 F.3d at 389.  Here, the functions related to the materially inconsistent yet unresolved evidence are critical to determining Plaintiff's disability status, as those functions impact Plaintiff's ability to perform light work.  *See* SSR 83-10, 1983 WL 31251, at *6 (S.S.A. Jan. 1, 1983).  Had the ALJ properly analyzed and resolved the material inconsistencies in the record, they may have found Plaintiff to possess greater limitations in the RFC that, in turn, could have altered the ultimate disability determination in this case, as Plaintiff argues.  ECF 13, at 16.  Unable to trace the ALJ's reasoning for resolving conflicts in the evidence, the Court must remand this case.

Because the case is being remanded on other grounds, I need not address Plaintiff's other argument.  On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion, if any.  In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.    CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge